GIFFORD (SWIFT v.). See Case No. 13,-696.

GIFFORD, The F. W. See Case No. 5,166.

---

## Case No. 5,410.

### In re GILBERT.

[1 Lowell, 340;[1] 3 N. B. R. 152 (Quarto, 37).]

District Court, D. Massachusetts. July, 1869.

BANKRUPTCY—EXAMINATION OF BANKRUPT—SECOND ORDER—TESTIMONY OF BANKRUPT'S WIFE—EXAMINATION OF THIRD PERSONS.

1. It is the intent of section 26 of the bankrupt act [of 1867 (14 Stat. 529)] that the bankrupt should be fully examined as to all his dealings, &c., but not that he should be examined by each creditor separately. It is therefore the practice to require the assignee to see to it that the first examination is thorough and complete, and it is not the practice to grant a second order for examination except for cause.

[Cited in Re Vogel, Case No. 16,984.]

2. And for like reason the order is not passed before the appointment of the assignee without special cause.

3. The bankrupt's wife may be required to testify to all facts and transactions to which she was either a party or a witness, but not to mere confessions or admissions of her husband concerning his dealings with third persons.

4. Third persons are required to submit to examination only on cause shown by affidavit.

A creditor having applied for leave to examine the bankrupt [Joseph F. Gilbert] and his wife, the practice of the court was thus stated by

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

---

## Case No. 5,411.

### In re GILBERT et al.

[1 N. Y. Leg. Obs. 327.]

District Court, N. D. New York. 1843.

BANKRUPTCY—PARTNERSHIP.

It is too late after parties have been declared bankrupts as partners, to allow objections to be filed disputing their being partners at the time of their application.

One of the objections to the discharge in this case was, that the bankrupts [Gilbert and Lamphier], who had petitioned for the benefit of the act as partners in trade, as such had been decreed bankrupts without objection on this ground, were not in fact part-

ners at the time of their application, but had ceased to be such several years before. Depositions had been taken in support of other objections, and also of this: and there was strong evidence tending to show that the bankrupts were not entitled in law to be considered partners at the time of their application.

Mr. Myers, for bankrupts.
Mr. Newton, for creditors.

CONKLING, District Judge. It is too late to urge this objection. The question, whether the petitioners were partners, was directly involved in their application to be declared bankrupts. In their petition they averred that they were so, and no one appeared to contest the fact. They were therefore adjudged to be so, and were declared bankrupts accordingly, and the point must now be considered as settled. Besides, it would be highly mischievous, after a decree of bankruptcy has been entered, and the effects of the petitioners have gone into the hands of the assignee, and been wholly or in part converted into money, to allow objections which, if they should prevail, would render the whole proceeding void.